<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

March 2, 2026

John M. Maloy, Esq.
United States Attorney's Office
District of New Jersey
970 Broad Street
Newark, NJ 07102
*Counsel for Plaintiff*

F.R. Chip Dunne, Esq.
The Dunne Law Firm, P.C.
675 Morris Avenue, Suite 100
Springfield, NJ 07081
*Counsel for Defendant*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

**Re:  *United States v. Yusef Milliron*, Crim. No. 25-00424/26-00020 (SDW)**

Counsel:

Before this Court is Defendant Yusef Milliron's ("Defendant") Motion to Dismiss the Criminal Complaint (25-424, D.E. 126) and Motion to Dismiss the Indictment (26-20, D.E. 3). This Court finds that, having considered all relevant submissions, and for the reasons set forth herein, Defendant's Motions are **DENIED**.

## I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

This Court writes only for the parties and accordingly limits its discussion of the factual and procedural background to only the facts pertinent to the instant decision.

On June 26, 2025, a grand jury sitting in Newark returned an indictment charging Defendant with conspiracy to distribute and possess with intent to distribute fentanyl, heroin, and cocaine. (25-424, D.E. 108 (the "June Indictment")).  On August 18, 2025, Defendant filed a motion to dismiss the June Indictment with prejudice on Speedy Trial Act ("STA") grounds. (25-

424, D.E. 113.) On November 5, 2025, this Court dismissed the June Indictment without prejudice. (25-424, D.E. 125.) Then, on December 23, 2025, Defendant filed a motion to dismiss the Complaint on the docket for the June Indictment. (25-424, D.E. 126.) On January 8, 2026, a Grand Jury sitting in Newark returned a new indictment charging Defendant with the same offense previously charged in the June Indictment. (26-20, D.E. 1 (the "January Indictment")). On January 22, 2026, Defendant pled not guilty to the January Indictment. 26-20, D.E. 4.) On January 23, 2026, Defendant filed the instant motion to dismiss the January Indictment with prejudice due to an alleged STA violation. (26-20, D.E. 3.)

## II.    **DISCUSSION**

As a preliminary matter, this Court notes that Defendant's Motion to Dismiss the Criminal Complaint is moot. The criminal complaint is no longer operable because this Court dismissed the June Indictment, which superseded the criminal complaint. *See United States v. Vaughn*, 492 F. Supp. 3d 336, 343 (D.N.J. 2020) (illustrating that a felony indictment supersedes a criminal complaint and becomes the operative charging document) (citing *United States v. Dorsey*, 462 F.2d 361, 363 n.2 (3d Cir. 1972) ("[T]he grand jury supersedes the complaint procedure by returning an indictment.")

Next, to effectuate the Sixth Amendment's guarantee of a speedy and public trial, Congress enacted the STA which sets forth "specified time limits after arraignment or indictment within which criminal trials must be commenced." *United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 (3d Cir. 1988). Under the STA's requirements, any information or indictment charging a defendant must be filed within thirty-days of his arrest, and he must be tried within seventy-days of the later of his indictment or initial appearance. 18 U.S.C. § 3161(b), (c)(1). These deadlines are also applicable to any subsequent indictment, based on the same conduct, after the initial indictment is dismissed upon motion of the defendant. *See* 18 U.S.C. § 3161(d)(1)

Here, Defendant asserts that the Government violated the STA by failing to obtain a timely indictment while the criminal complaint remained pending. However, as explained above, the criminal complaint was no longer operable after this Court dismissed the June Indictment. As such, after this Court dismissed the June Indictment without prejudice, there were no charges pending against Defendant.[1] Moreover, when an indictment is dismissed on motion of the defendant, and the defendant is thereafter reindicted, both the thirty-day and seventy-day periods run anew. *See* 18 U.S.C. § 3161(d)(1); *see also United States v. Rabb*, 680 F.2d 294, 297 (3d Cir. 1982). Accordingly, this Court does not find that the Government violated Defendant's rights under the STA as the STA's clock did not begin to run anew until January 8, 2026 after the January Indictment.

Lastly, although the Government did not promptly indict Defendant after the dismissal of the June Indictment, the speedy trial guarantee of the Sixth Amendment does not apply to pre-

---

[1] Unfortunately, Defendant was improperly subjected to pretrial release conditions in error. However, such error does not warrant dismissal of the January Indictment.

indictment delay.  *United States v. Shulick*, 18 F.4th 91, 102 (3d Cir. 2021) (citing *United States v. Sebetich*, 776 F.2d 412, 429 (3d Cir. 1985)); *see also United States v. Lovasco*, 431 U.S. 783, 789 (1977) (stating that pre-indictment delay is wholly irrelevant for speedy trial concerns; the statute of limitations is the mechanism which shields against pre-indictment and pre-arrest delay). Therefore, Defendant's Motions are denied.

## III.   CONCLUSION

For the foregoing reasons, Defendant's Motions are **DENIED.**  An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties

3